**Robert McWHORTER**

v.

**Warden Otie JONES and Corporal Douglas Swicegood.**

**Civ. No. 3–83–500.**

United States District Court, E.D. Tennessee, N.D.

Sept. 27, 1983.

Robert McWhorter, pro se.

Kimberly J. Dean, Asst. Atty. Gen., Nashville, Tenn., for Tennessee.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

This is a complaint under 42 U.S.C. § 1983 alleging that the Tennessee Department of Corrections' (TDOC) policy prohibiting the transfer of property between inmates is not uniformly applied throughout the prison system and that property control procedures as applied to plaintiff violate due process guaranties of the fourteenth amendment of the Constitution. Plaintiff states that because he could not prove ownership, defendant Swicegood confiscated two fans, a stereo, six t-shirts, and a pair of jeans belonging to him. Plaintiff was a prisoner at Brushy Mountain State Prison (Brushy Mountain). Defendants are Otie Jones, Warden of Brushy Mountain, and Douglas Swicegood, Correctional Officer at Brushy Mountain. This case is before the Court on defendants' motion for summary judgment.

The facts established by defendants' affidavits are these: Plaintiff was transferred from Tennessee State Penitentiary (TSP) to Brushy Mountain in June 1982. At the time of his transfer, plaintiff possessed the following property pertinent to this case: two fans, one eight-track tape player, three pairs of pants, and four shirts of assorted colors and styles. Pursuant to prison policy, defendant Swicegood confiscated the shirts because inmates are not allowed to possess free world outerclothing. (See Brushy Mountain Interoffice Memorandum, Index # 504.05–1, effective 1/29/82). Plaintiff signed a Personal Property Storage Request Form indicating that he understood the shirts would be held for 30 days then disposed of if he had not made other arrangements for disposition. Defendant Swicegood states that he has no recollection of confiscating a pair of pants from plaintiff; however, prison records show that plaintiff possessed the maximum number of pants allowed (three). (See TDOC Administrative Policies and Procedures (AP & P), Index # 504.02, effective

6/15/80). Finally, pursuant to property control procedure, defendant Swicegood compared plaintiff's Personal Property Inventory Form (PPIF), which lists and describes permitted property in plaintiff's possession valued at over $15.00, with the property in plaintiff's possession. Defendant Swicegood determined that the two fans and the eight-track stereo in plaintiff's possession did not match the description of property listed on the PPIF. He thus determined plaintiff to be in possession of unauthorized property and confiscated those items. Defendant Swicegood states that the appearance of these items—inmate numbers engraved on the property which appear to have been gouged out illegally—indicates that plaintiff acquired these items in violation of prison policy against transfer of property between inmates: Television sets, radios and other similar items may be transferred by an inmate released from an institution but a Personal Property Transfer Request Form must be completed and the property re-engraved with the subsequent owner's TDOC number. (See TDOC AP & P Index # 504.01, effective Jan. 1, 1982). Plaintiff was aware of these regulations. Defendant Swicegood is holding this property pending the outcome of this lawsuit, but normally would return the property to the property control personnel of the institution where the original owner of the property is incarcerated.

■■■ Whether a deprivation of due process has occurred requires a two part inquiry: (1) Is there a protected interest and (2) if so, what process is due. *Logan v. Zimmerman*, 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). Property interests are protected interests under the fourteenth amendment of the Constitution. However, a property interest is not created by the Constitution; rather, it is "created and (its) dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Thus, plaintiff has a protected interest in property to the

extent that prison regulations create an entitlement to that property. Prison regulations applicable to the instant case forbid prisoners to possess free world outerclothing, more than three pairs of pants, and property transferred in violation of prison policies. These regulations serve legitimate policies and goals of the correction system and thus are not constitutionally suspect. Under these regulations plaintiff had no entitlement and thus no protected interest in the property he claims was confiscated in violation of due process. Plaintiff, however, argues that he acquired a protected interest in such property by operation of an informal policy not to enforce the formal policy. While a property interest can be created informally by mutually explicit understandings, more than a unilateral expectation is required. *Id.* Lax enforcement by TSP employees of formal TDOC policy gave plaintiff no more than a unilateral expectation in the property confiscated. Thus, plaintiff had no legitimate entitlement to the property confiscated and was not entitled to a due process hearing prior to its confiscation.

For the foregoing reasons, it is ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted.

Order Accordingly.